NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CADET WIGGINS, *et al.*, <br><br> Defendant. | Criminal Action No. 21-630 (CCC) <br><br> **OPINION AND ORDER** |

**CECCHI**, District Judge.

This matter comes before the Court upon *pro se* Defendant Wiggins Cadet's ("Defendant") request for a stay of this action pending his appeal[1] of pretrial rulings made by the Court on December 7, 2023. ECF No. 175. The Government filed opposition to Defendant's request. ECF No. 179. The Court heard argument from Defendant and the Government on this issue at a hearing held on December 11, 2023. *See* December 11, 2023 Hearing Transcript ("Dec. 11 Tr.") at 19:20-26:14. For the reasons set forth below, Defendant's request for a stay is denied.

**I.   BACKGROUND**

The instant stay request arises out of certain pretrial rulings made by the Court during a December 7, 2023, hearing. *See* December 7, 2023 Hearing Transcript ("Dec. 7 Tr.") at 9:12-16:17. Specifically, during two days of proceedings on December 6 and 7, 2023,[2] Defendant

---

[1] As of the filing of this decision, upon a PACER search, it appears that no appeal has been docketed with the Third Circuit Court of Appeals involving a party named "Wiggins Cadet," "Wiggins," or "Cadet." *See* ECF No. 179 at 1-2 (Government noting that Defendant "has not filed the notice that [ ] Federal Rule of Appellate Procedure 3 requires to properly commence an appeal").

[2] The purpose of those proceedings, in part, was to assess whether Defendant's waiver of the right to counsel remained knowing, voluntary and appropriate given his disruptive and uncooperative behavior since proceeding *pro se*. *See* Dec. 7 Tr. at 19:19-22 (engaging in a second hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975)). The Court will address the appropriateness of Defendant's *pro se* status in a separate decision.

1

refused to acknowledge that he was the named defendant, Wiggins Cadet, instead claiming that he was a "surety" or "subrogee" appearing on behalf of the defendant named in the superseding indictment. *See, e.g.*, December 6, 2023 Hearing Transcript ("Dec. 6 Tr.") at 4:19-5:14; Dec. 7 Tr. at 16:21-17:18. Defendant's contentions arose out of his proclaimed status as a Moorish American. *See, e.g.*, ECF No. 166 at 15 (identifying Defendant as a Moorish American, pledging his allegiance to the Moorish Nation, and proclaiming various associated rights and beliefs). Given Defendant's refusal to acknowledge himself as the named defendant, the Court held an identity hearing at the December 6 proceeding in which it received evidence from the Government and heard testimony from a special agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives who was involved in this case's investigation. *See* Dec. 6 Tr. at 15:11-26:1; 33:11-40:14.

Thereafter, the Court issued a ruling on the record at the December 7 hearing, finding that (i) at the identity hearing, the Government had sufficiently shown probable cause that Mr. Cadet was in fact the defendant, Wiggins Cadet, named in the superseding indictment; and (ii) Defendant's contention that he was a "surety" or "subrogee" on behalf of Wiggins Cadet with authority to "settle and close" the case was meritless and unsupported by law. Dec. 7 Tr. at 9:12-16:17. On December 11, 2023, Defendant filed the instant request to stay along with, what is purported to be, a notice of appeal to the Third Circuit Court of Appeals appealing the Court's December 7 rulings. ECF No. 175-6 ("Bill of Complaincy [sic] in Equity for Subrogation and Substitution"); *see also* Dec. 11 Tr. at 4:22-25 (Defendant indicating that he filed a notice of appeal and is seeking a stay of trial). At a hearing held the same day, the Court heard argument from the parties regarding the merits of Defendant's request. Dec. 11 Tr. at 19:20-26:14. On December 12, 2023, the Government made a subsequent submission in opposition. ECF No. 179.

## II.     LEGAL STANDARD

The Court assesses four factors upon consideration of a request for a stay pending appeal: (i) whether the applicant has made a strong showing that he is likely to succeed on the merits; (ii) whether the applicant will be irreparably injured absent a stay; (iii) whether issuance of a stay will substantially injure other parties; and (iv) where public interest lies. *In re Citizens Bank, N.A.*, 15 F.4th 607, 615-16 (3d Cir. 2021); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009). "Because the government is the opposing party, the latter two factors merge." *Schrader v. Dist. Att'y of York Cnty.*, 74 F.4th 120, 126 (3d Cir. 2023). "A stay is not a matter of right, even if irreparable injury might otherwise result," but rather is "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Langley v. United States Parcel Serv., Inc.*, No. 18-cv-88807, 2021 WL 5757398, at *3 (D.N.J. Dec. 3, 2021) (quoting *Nken*, 556 U.S. at 433).

## III.     DISCUSSION

Here, Defendant's written submission does not articulate a basis for why a stay of this action is appropriate. *See* ECF No. 175. When asked on the record, Defendant merely stated that he was "specially appearing on behalf of the defendant" and that there "will be irreparable damages if this trial were to [ ] proceed." Dec. 11 Tr. at 19:24-20:3. When asked what the alleged irreparable harm would be, Defendant could not provide a substantive answer and repeated that the harm would be "[s]imply a remedy that cannot be received at law." *Id.* at 21:18-22:5. When asked what his legal basis was for seeking a stay pending an interlocutory appeal, Defendant replied, "[e]quity will not suffer wrong without a remedy." *Id.* at 22:19-25. Both at the December 11 hearing and in their written submissions, the Government argued that a stay would not be appropriate because, among other things, Defendant seeks appeal of unreviewable, nonfinal rulings. *See* ECF No. 179 at 2-4; Dec. 11 Tr. at 24:2-14. The Government also contends that

3

Defendant's stay request must otherwise fail because (i) his "surety" contentions are substantively meritless, (ii) he has failed to demonstrate irreparable harm, and (iii) continued delay of this case would harm the public interest. ECF No. 179 at 4-5.

Regarding the first factor, Defendant has not made a strong showing that he is likely to succeed on the merits. To the contrary, as the Government notes, Defendant's appeal is likely jurisdictionally deficient because the rulings he challenges—the Court's December 7 findings that he is the named defendant, Wiggins Cadet, and that his "surety" argument is meritless—are not final judgments. ECF No. 179 at 2. "In a criminal case, a judgment of conviction and sentence is necessary to create a final order which is appealable under 28 U.S.C. § 1291." *United States v. Tovar-Rico*, 61 F.3d 1529, 1536 (11th Cir. 1995); *see also In re Solomon*, 465 F.3d 114, 122 (3d Cir. 2006) (finding "no jurisdictional basis for [defendant's] interlocutory appeal" where defendant appealed a pretrial ruling prior to conviction or sentence). Defendant does not otherwise contend that the Court's rulings fall within the collateral order doctrine,[3] which is a "narrow exception" to the finality requirement. *See Flanagan v. United States*, 465 U.S. 259, 263-64 (1984).

In addition, Defendant is not likely to succeed on the merits because, as the Court noted during the December 7, 2023, hearing, courts have consistently rejected arguments akin to those presented by Defendant, predicated on his Moorish American identity. *See* Dec. 7 Tr. at 11:18-15:22; *see also* ECF No. 179 at 4-5; *Sorrells v. Philadelphia Police Dep't*, 652 F. App'x 81, 83 (3d Cir. 2016) (rejecting as "indisputably meritless" the argument that vehicle registration laws did not apply to defendant because of his Moorish American status); *El v. Moses*, No. 22-cv-2421,

---

[3] "The collateral order doctrine permits appellate review of interlocutory orders that (1) conclusively determine the disputed question, (2) resolve an issue completely separate from and collateral to the merits of the litigation and (3) involve an important right that will be effectively unreviewable if intermediate review is not granted." *In re Solomon*, 465 F.3d at 122. At a minimum, the Court finds that Defendant's instant challenges will not be "effectively unreviewable" because, if convicted, the Court's rulings as to his identity and legal status "may then be asserted as a ground for appeal from the final judgment." *Id.*

2022 WL 4774795, at *2 (D.N.J. Oct. 3, 2022) (finding that "Plaintiff's claim that his status as a Moorish American National exempts him from jurisdiction of the courts is frivolous"); *United States v. Coleman*, 871 F.3d 470, 475-76 (6th Cir. 2017) (finding that criminal defendant's statements claiming he was the defendant's "surety" and "here on special appearance" to "settle and close" the case were "meritless rhetoric frequently espoused by tax protestors, sovereign citizens, and self-proclaimed Moorish-Americans").

On the second factor, Defendant fails to show he will suffer irreparable harm absent a stay. "Speculative injury does not constitute a showing of irreparable harm." *Krushin v. SCI-Waymart*, No. 17-cv-1545, 2018 WL 2981288, at *1 (M.D. Pa. June 14, 2018) (citing *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980)). Rather, the movant must demonstrate a "presently existing actual threat." *Continental Grp., Inc.*, 614 F.2d at 359 (internal citation omitted). During the December 11, 2023, hearing, the Court asked Defendant to articulate exactly what irreparable harm he believed he would suffer were the Court to deny his application. Dec. 11 Tr. at 21:18-22:3. Defendant merely responded that the purported harm was "[s]imply a remedy that cannot be received at law." *Id.* at 4-5. This alleged harm is both too speculative and vague to favor a stay. ECF No. 179 at 5.

Finally, concerning the third and fourth factors, Defendant does not articulate why a stay would be in the public interest. *See United States v. Coleman*, Crim. No. 15-543, 2022 WL 17905313, at *6 (E.D. Pa. Dec. 23, 2022) (denying request for stay where defendant "doesn't address either factor [3 or 4] in substance"). Regardless, these factors weigh in favor of denying Defendant's request given the public's interest in the swift adjudication of criminal cases, particularly where the defendant is accused of committing an armed robbery. *See, e.g.*, *United*

*States v. Jackson*, Crim. No. 13-290, 2023 WL 5994640, at *5 (D.N.J. Sept. 15, 2023) (recognizing "the public's interest in the rapid adjudication of criminal cases").

### IV. CONCLUSION

For the reasons set forth above, Defendant Wiggins Cadet's request for a stay of this action (ECF No. 175) pending appeal of the Court's December 7, 2023, pretrial rulings is denied.

Accordingly, **IT IS** on this 22nd day of December 2023,

**ORDERED** that Defendant Wiggins Cadet's request for a stay pending appeal (ECF No. 175) is hereby **DENIED**.

**SO ORDERED**.

_____
**CLAIRE C. CECCHI, U.S.D.J.**