NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WIGGINS CADET, *et al.*,<br><br>Defendant. | Criminal Action No. 21-630 (CCC)<br><br>**MEMORANDUM<br>OPINION & ORDER** |

**CECCHI**, **District Judge.**

This matter comes before the Court upon defendant Wiggins Cadet's ("Defendant") (1) motion to dismiss Count Five of the Superseding Indictment (ECF No. 210, "Def. Br."), and (2) oral motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. The Government filed an opposition to both motions (ECF No. 244, "Gov't Br."). Both parties also responded to the Court's request for supplemental briefing (ECF Nos. 255–56), and the Government submitted a letter further supplementing that response (ECF No. 261). The Court has considered the parties' submissions and decides this matter without oral argument. For the reasons set forth below, Defendant's motions are **DENIED**.

**WHEREAS** on August 2, 2022, a Newark, New Jersey federal grand jury returned a Superseding Indictment charging Defendant *inter alia* with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 84. Defendant was barred from possessing a weapon in light of his prior conviction in June 2018 for unlawful possession of a handgun under New Jersey law for which he was sentenced to three years of imprisonment. Gov't Br. at 6; and

**WHEREAS** on February 23, 2024, following a trial before the Undersigned, a federal jury found Defendant guilty on Count Five of unlawful possession of a firearm and ammunition pursuant to 18 U.S.C. § 922(g)(1).[1]  *See* ECF No. 236.  In so doing, the jury, per special interrogatories on the verdict form, determined that Defendant "on or about December 15, 2019, knowingly possess[ed] a 9-millimeter handgun, bearing serial number GM719372, or fifteen rounds of 9-millimeter ammunition."  ECF No. 230 at 5.  The jury further found that "the 9-millimeter handgun, bearing serial number GM719372, or fifteen rounds of 9-millimeter ammunition [was] possessed in or affect[ed] interstate or foreign commerce."  *Id.*; and

**WHEREAS** on February 8, 2024, immediately prior to the commencement of jury selection for trial in this matter, Defendant filed a motion to dismiss Count Five of the Superseding Indictment.  *See generally* Def. Br.  With the Court's consent, the parties agreed that the Government would reserve on its response to the motion until after conviction, if applicable.  Gov't Br. at 1 n.2.  In light of Defendant's conviction, the Court now considers the motion.  Defendant presents two arguments in favor of dismissal:  first, 18 U.S.C. § 922(g)(1) is unconstitutional on its face, and second, § 922(g)(1) is unconstitutional as applied to Defendant.  *See* Def. Br. at 1.  Defendant's position focuses on *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), *vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024), *remanded to* No. 21-2835, 2024 WL 5199447 (3d Cir. Dec. 23, 2024) (en banc).  *Id.*; and

**WHEREAS** on the whole, challenges to § 922(g)(1)'s general prohibition on convicted felons possessing weapons in the wake of *Bruen* have been regularly rejected by federal courts

---

[1] The jury acquitted Defendant on Counts One through Four of the Superseding Indictment relating to Hobbs Act Robbery, and the use, carrying, and brandishing of a firearm in relation to a crime of violence. *See* ECF No. 230.

across the nation. *See, e.g.*, *United States v. Hunt*, 123 F.4th 697, 703-04 (4th Cir. 2024) ("Far from abandoning *Heller*'s language about 'longstanding' and 'presumptively lawful' restrictions on felons possessing firearms, the Supreme Court has repeatedly reaffirmed its applicability . . . nothing in *Bruen* . . . undermines—much less fatally—this Court's previous reliance on *Heller*'s express statements about [felon-in-possession statutes]." (internal citations and quotation marks omitted)); *United States v. Pierre*, No. 23-11604, 2024 WL 505553, at *4 (11th Cir. Dec. 10, 2024) (finding that *Bruen* cannot "fairly be read to reject, abrogate, or even call into question the portion of *Heller* [regarding felon-in-possession statutes]"); and

**WHEREAS** moreover, to the extent Defendant invokes the Third Circuit's majority opinion in *Range*, the court there made clear that the decision was a "narrow one." 69 F.4th at 106.² Indeed, readily distinguishable from the matter at hand, *Range* addressed an as-applied challenge to § 922(g)(1) under the specific circumstances of "someone with a single, decades-old conviction of minor welfare fraud." *United States v. Hall*, No. 23-1430, 2024 WL 510512, at *2 (3d Cir. Feb. 9, 2024) (citing *Range*, 69 F.4th at 98–99). As a litany of decisions in this District have highlighted, at no point did the Third Circuit find that § 922(g)(1) was unconstitutional on its face or make any other sweeping pronouncement as Defendant claims. *See, e.g.*, *United States v. Williams*, No. 23CR690, 2024 WL 1604632, at *6 (D.N.J. Apr. 12, 2024) ("Courts in the Third Circuit have, even after *Range*, found almost uniformly that bans on possession of firearms by a person previously convicted of crimes is constitutional. This includes a variety of predicate

---

² The Court notes that certiorari was granted and the Supreme Court vacated *Range* "for further consideration in light of *United States v. Rahimi*." *Garland v. Range*, 144 S. Ct. 2706 (2024). Upon remand, the Third Circuit majority opinion once again emphasized its holding was "a narrow one" concerning the constitutionality of § 922(g)(1) "only as applied to [appellant]." *Range v. Att'y Gen.*, No. 21-2835, 2024 WL 5199447, at *8 (3d Cir. Dec. 23, 2024) (en banc); *see also id.* at *25 (Krause, J., concurring) (noting that "time and again, the Supreme Court has acknowledged that the deep roots of felon-possession bans in American history impart a presumption of lawfulness to § 922(g)(1)").

3

convictions for a defendant's § 922(g)(1) charge imputing some level of dangerousness or other basis for distrust. These cases are consistent with the Third Circuit's caution that *Range*'s holding was a 'narrow one' limited to the particular, distinguishable facts present in that case: a civil petition for possession of a weapon in the home by someone who had completed their sentence for a non-'dangerous' felony." (footnotes omitted) (citing *Range*, 69 F.4th at 106)). Further supporting this view, the Supreme Court recently reaffirmed that the Second Amendment does not provide a carte blanche bar on government restrictions on weapons possession. *See United States v. Rahimi*, 602 U.S. 680 (2024) (holding that 18 U.S.C. § 922(g)(8) was not unconstitutional on its face or as applied to a defendant possessing a firearm while subject to a domestic violence restraining order); *see also* ECF No. 256; and

**WHEREAS** next, Defendant's "as applied" challenge is likewise unavailing. *See* Def. Br. at 17–18. An as-applied challenge to a statute "does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). When evaluating a Second Amendment claim, courts must assess whether the Second Amendment's text covers the defendant's "proposed course of conduct." *Bruen*, 597 U.S. at 17, 31–32. If the conduct is covered, then the Government must show § 922(g)(1) as applied to the defendant "is consistent with this Nation's historical tradition of firearm regulation." *Id.* at 17, 34; and

**WHEREAS** Defendant's argument as to why the statute is unconstitutional as applied to his specific circumstances is boilerplate and leaves the Court with no basis to find unconstitutionality on an "as applied" basis.[3] Indeed, the record strongly suggests that Defendant

---

[3] As the Government pointed out (ECF No. 256 at 1–2), Defendant was on parole at the time he possessed a gun. *See* Presentence Report ¶ 71. This is yet another reason why Defendant's challenge is unpersuasive.

did not carry the firearm for a lawful purpose. *See United States v. Velazquez*, No. CR 23-657, 2024 WL 49690, at *12 (D.N.J. Jan. 4, 2024) ("Velazquez has submitted no evidence that he was engaged in Second Amendment conduct when he possessed the gun, and therefore his as-applied challenge fails."), *reconsideration denied*, No. CR 23-657, 2024 WL 1767570 (D.N.J. Apr. 23, 2024); *United States v. Rogers*, No. CV 23-582, 2024 WL 2844545, at *7 (D.N.J. June 5, 2024) ("[The defendant] has not shown, by a preponderance of evidence, that he was carrying a handgun for a lawful purpose at the time of his arrest."). Even if the Second Amendment covered Defendant's conduct, the Government has carried its burden of demonstrating that the statute is constitutional as applied to Defendant. *See Porter v. United States*, No. CV 22-6199, 2023 WL 6366273, at *5–7 (D.N.J. Sept. 28, 2023). Indeed, "[t]here is a long history of laws disarming individuals determined to be dangerous." *United States v. Small*, No. CR 16-381-1, 2024 WL 4041752, at *4–5 (E.D. Pa. Sept. 4, 2024) (holding that § 922(g)(1) is constitutional as applied to the defendant where his "prior convictions indicate dangerousness"). The Government explained that restricting the possession of firearms for those, like Defendant, who have previously committed felony crimes, can be traced back to England and colonial times. *See* Gov't Br. at 16–23. For example, a 17th century statute in England empowered the government to "seize all arms in the custody or possession of any person" who was "judge[d] dangerous to the Peace of the Kingdom." Militia Act 1662, 13 & 14 Car. 2, c. 3, § 13. And some colonial and early state laws disarmed entire groups deemed dangerous or untrustworthy. *See, e.g.*, Act of May 1, 1776, ch. 21, § 1, 1776 Mass. Acts 479; Act of June 13, 1777, ch. 21, § 4, 1777 Pa. Laws 63. Additionally, in

---

*See United States v. Moore*, 111 F.4th 266, 272–73 (3d Cir. 2024) (holding that the defendant "completing his sentence on supervised release does not have a Second Amendment right to possess a firearm" because Founding-era laws "yield the principle that a convict may be disarmed while he completes his sentence and reintegrates into society"); *United States v. Dorsey*, 105 F.4th 526, 532 (3d Cir. 2024) (noting that state parole is part of a criminal sentence).

the mid-19th century, states enacted laws requiring "those threatening to do harm" to "post bond before carrying weapons in public." *Bruen*, 597 U.S. at 55; *see, e.g.*, Mass. Rev. Stat. ch. 134, § 16, 750 (1836); Me. Rev. Stat. ch. 169, § 16, 709 (1840). Accordingly, the Court will deny Defendant's motion to dismiss Count Five of the Superseding Indictment; and

**WHEREAS** at the conclusion of the Government's case-in-chief during trial, Defendant orally moved for a Rule 29 acquittal. A motion for acquittal should be granted for any offense "for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. Pro. 29(a). When considering a motion for acquittal, a court must review the record in the light most favorable to the government and determine whether any rational juror could have found the elements of the crime beyond a reasonable doubt based on the evidence presented at trial. *See United States v. Sussman*, 709 F.3d 155, 162 (3d Cir. 2013); *United States v. Cothran*, 286 F.3d 173, 175 (3d Cir. 2002) ("It is not [the Court's] role to weigh the evidence or to determine the credibility of the witnesses."). A defendant bringing a Rule 29 motion bears a "heavy burden." *United States v. John-Baptiste*, 747 F.3d 186, 201 (3d Cir. 2014) (quoting *United States v. Casper*, 956 F.2d 416, 421 (3d Cir. 1992)); and

**WHEREAS** the Court has reviewed the trial record and the arguments submitted by the Government in opposition to Defendant's motion.[4] The Court determines that, over the course of the trial, the government presented sufficient evidence to permit a jury to find Defendant guilty of the charge on which he was convicted. *See* Gov't Br. at 7–8 (recounting pertinent trial evidence that supports the jury's verdict). Indeed, a post-trial filing by Defendant states that "[D]efendant never contested that he was in possession of the firearm entered into evidence in this case" and instead "Defendant's only challenge to Count Five is focused on the constitutionality of the [felon-

---

[4] Defendant did not submit a brief in support of his Rule 29 motion.

6

in-possession] statute."[5]  ECF No. 243.  Ultimately, then, the Court holds that the Government presented sufficient evidence at trial, and that Defendant's motion for acquittal pursuant to Rule 29 is denied.

      **IT IS** on this 15th day of January, 2024,

      **ORDERED** that Defendant's motion to dismiss Count Five of the Superseding Indictment (ECF No. 210) is **DENIED**; and it is further

      **ORDERED** that Defendant's motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 is **DENIED**.

      **SO ORDERED**.

                                                **CLAIRE C. CECCHI, U.S.D.J.**

---

[5] Defendant also confirmed that he was not filing a Rule 33 motion for a new trial.  ECF No. 243.